NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO BAZAN-ESCOBAR,<br><br>     Petitioner,<br><br> v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>     Respondent. | No. 21-70665<br><br>Agency No. A205-318-765<br><br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 23, 2026<sup>**</sup>
Pasadena, California

Before: FRIEDLAND, FORREST, and DESAI, Circuit Judges.

Petitioner Hugo Bazan-Escobar (Bazan), a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of an immigration judge's (IJ) denial of his application for cancellation of removal for failure to demonstrate an exceptional and extremely unusual hardship. We have

---

 \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a)(2)(D), *see Wilkinson v. Garland*, 601 U.S. 209, 217–18 (2024), and deny the petition.

The BIA agreed with the IJ's reasoning in denying cancellation of removal. As such, we review both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review whether the agency erred in applying the hardship standard for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Under the substantial evidence standard, we must uphold the agency's determination "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Urias-Orellana v. Bondi*, 607 U.S. 537, 544 (2026) (citation modified).

Bazan first argues that the agency required a showing more stringent than an "exceptional and extremely unusual hardship." We disagree. The agency cited the proper standard and discussed its cases that explain that standard. The agency also discussed the relevant factors—including the age of Bazan's children, his relationship with them, his role in childcare, the potential for financial hardship, his children's emotional struggles, and his children's psychological and physical health. The agency's path here can reasonably be discerned, and its conclusion is supported by the record. *See Garland v. Ming Dai*, 593 U.S. 357, 369 (2021).

Bazan also presents multiple arguments that the agency failed to consider all the evidence, including asserting a due process violation. As discussed, the agency

worked through all factors relevant to whether Bazan's removal would result in an exceptional and extremely unusual hardship. Despite Bazan's representations that his children would remain in the United States, the agency addressed reports of conditions in Mexico. And the agency did not minimize the consideration of Bazan's daughter's needs, devoting substantial attention to the issue in its decision. Nothing in the agency's handling of the evidence warrants granting the petition. *See Hernandez v. Garland*, 52 F.4th 757, 770–71 (9th Cir. 2022) (explaining that the agency is afforded deference in addressing evidence and only errs by "misstating the record" or by leaving "highly probative or potentially dispositive evidence" unaddressed (citation modified)). At bottom, Bazan presents hardships that, although difficult, are typical of when a family member is removed from the country and are therefore neither exceptional nor extremely unusual. *See Gonzalez-Juarez*, 137 F.4th at 1007–08.

**PETITION DENIED.**